| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #: _____ |
| | DATE FILED: September 19, 2017 |

------------------------------------------------------------ X
:
FABIAN ECHEVARRIA, :
:
                Petitioner, :
:
      -v- : 16-cv-9904 (KBF)
:
MICHAEL SHEAHAN, : OPINION & ORDER
:
                Respondent. :
:
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

      Fabian Echevarria, currently incarcerated at Auburn Correctional Facility in Auburn, New York, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. On March 5, 2014, Echevarria was convicted of third-degree criminal possession of a weapon in New York state court, and was sentenced as a second felony offender to three and one-half to seven years of incarceration. Echevarria's petition argues that the trial court erred in delivering a supplemental instruction regarding justification, and that the prosecutor made improper comments during summation.

      For the reasons stated below, the Court concludes that the supplemental jury instruction did not violate petitioner's constitutional rights, and in the alternative, any error was harmless. The Court further concludes that the prosecutor's summation remarks, though perhaps improper, did not deprive Echevarria of a fair

trial or violate his constitutional rights. Accordingly, Echevarria's petition for a writ of habeas corpus is DENIED.

I. BACKGROUND

On May 8, 2013, Fabian Echevarria ("Echevarria" or "petitioner") was involved in an altercation with two FedEx employees in Harlem, New York. (Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1 at 28, 34.) The parties dispute the exact nature and circumstance of that altercation, but it is undisputed that at some point, petitioner pulled out a knife and waived it around. (Pet. at 29, 35-36.) Petitioner was ultimately arrested and charged with criminal possession of a weapon in the third degree under N.Y. Penal Law §§ 265.01(2) and 265.02(1), which prohibit possession of a weapon "with intent to use the same unlawfully against another." (Pet. at 23.)

At trial, petitioner testified that he purchased the knife to defend himself after having "been attacked numerous times" in the past, and that he was prepared to use it if he was physically attacked. (Tr. of State Ct. Proceedings Part 2 ("Tr. 2") at 218, 220, 228-29, ECF No. 7-2.) He further testified that he only pulled the knife on May 8, 2013 because he "felt threatened for [his] life" after having been maced. (Tr. 2 at 217.) The State's witnesses, on the other hand, testified that petitioner was the aggressor, and that petitioner "charge[d]" at them while holding and swinging the knife. (Tr. 2 at 95-96.)

The trial court instructed the jury that "to find the defendant guilty of this crime, you must find beyond a reasonable doubt that he possessed a dangerous

2

knife with the intent to use it against another unlawfully and not solely with the intent to use it justifiably." (Tr. 2 at 346.) During deliberations, the jury submitted a note "request[ing] a definition of unlawful," which the court interpreted as necessitating clarification of when use is "justified." (Tr. 2 at 357.) In response, and over objections by both parties[1], the trial court delivered a supplemental instruction regarding "justified" use of force. (Tr. 2 at 371-73.)

The jury returned a verdict of guilty (Tr. at 379), and petitioner was sentenced as a second felony offender to three and one-half to seven years of incarceration. (Sentencing Tr. at 8, ECF No. 7-2 at 359.)

## II. PROCEDURAL HISTORY

Petitioner appealed his conviction to the New York Supreme Court, Appellate Division, First Department ("Appellate Division") on two grounds. First, petitioner argued that the trial court's supplemental instruction was erroneous and therefore deprived him of a fair trial and violated his due process rights. (Def.'s Appellate Br. at 31, ECF No. 7-3.) Second, petitioner argued that the prosecutor made a series of improper statements during summation that, taken together, further violated his rights. (Id. at 37.) Specifically, petitioner argued that the prosecutor: (1) misstated the law by stating that the knife was "not something that you ever possess without intending to use it unlawfully" (Id. at 39); (2) mischaracterized the knife as a "jail movie shank" (Id. at 39-40); (3) improperly vouched for the credibility of the State's

---

[1] Prosecution objected on the grounds that, because no force was actually used, a justification instruction was not necessary. (Tr. 2 at 360.) Defense objected because "justification does have an objective element," and defense previously argued that defendant subjectively believed he could possess the weapon in self-defense. (Tr. 2 at 361-62.)

3

witnesses and implied that the jury would be gullible to believe the petitioner's testimony (Id. at 41-43); (4) "stirr[ed] up sympathy" for the alleged victims by stating that "[o]nly by the grace of God did [the victim] have a little can of mace" (Id. at 43-44); (5) "denigrat[ed] . . . both defense Counsel and Petitioner" by implying that defense counsel wanted the jury to engage in speculation and that petitioner fabricated his testimony (Id. at 44-46); and (6) improperly referenced a prospective juror's comment during voir dire (Id. at 46-47).

The Appellate Division unanimously affirmed Echevarria's conviction and sentence on February 25, 2016. People v. Echevarria, 136 A.D.3d 589 (N.Y. App. Div. 2016). In doing so, the Appellate Division held that "[t]he [trial] court provided a meaningful and correct response" to the jury note, that "the [trial] court properly exercised its discretion in [providing] an explanation of justification," and that "any error regarding the supplemental charge was harmless." Id. at 589-90 (citation omitted). The Appellate Division further held that the prosecutor's reference to a prospective juror's comment—which it characterized as a "crude attempt at a joke"—was "unlikely to have been taken literally by the jury or to have caused any prejudice." Id. at 590. As to the other summation comments, the Appellate Division held that petitioner failed to preserve his challenges by "failing to object, by making generalized objections, and by failing to request further relief after objections were sustained." Id.

The New York Court of Appeals denied Echevarria's request for leave to appeal on June 7, 2016. People v. Echevarria, 27 N.Y.3d 1131 (N.Y. 2016).

4

Echevarria then timely filed the instant petition for writ of habeas corpus on December 23, 2016.

III.   LEGAL PRINCIPLES

a. <u>Standard for habeas relief</u>

In order for a petitioner to prevail on a petition for writ of habeas corpus, he must demonstrate that the state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(l). A state court's decision is <u>contrary to</u> clearly established federal law if "(1) [] the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court, or (2) [] when presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,' the state court arrived at a result opposite to the one reached by the Supreme Court." <u>Evans v. Fischer</u>, 712 F.3d 125, 132 (2d Cir. 2013) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000)). A state court decision is <u>based on an unreasonable application</u> of clearly established federal law if the state court "unreasonably applied" federal legal principles "to the facts of the case before it . . . involv[ing] some increment of incorrectness beyond error." <u>Id.</u> at 133 (internal quotation marks and citation omitted).

State prisoners seeking federal habeas relief face a high burden, and a district court must give a state court decision due deference. See <u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is because it was meant to be."); <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002) (noting

5

that Section 2254's "highly deferential" standard "demands that state-court decisions be given the benefit of the doubt").  Habeas relief will not be granted "merely because there is a reasonable possibility that trial error contributed to the verdict."  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks omitted).

Additionally, it is well-established that federal courts lack jurisdiction to "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991) (citing Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935)).  A state law ground for judgment is considered "adequate" to bar federal review if it is "firmly established and regularly followed" in the state.  See Walker v. Martin, 562 U.S. 307, 316 (2011) (citation omitted).

  b.  Habeas review of state jury instructions

A federal habeas petition must raise a federal or constitutional question.  See 28 U.S.C. § 2254.  Accordingly, "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief."  Estelle v. McGuire, 502 U.S. 62, 71 (1991); see also Engle v. Isaac, 456 U.S. 107, 119 (1982) ("Insofar as respondents simply challenge the correctness of [an] instruction[] under Ohio law, they allege no deprivation of federal rights and may not obtain habeas relief").  That said, if the challenged jury instruction rises to the level of a constitutional violation, it can serve as grounds for federal habeas relief.  See Cupp v. Naughten, 414 U.S.

141, 146 (1973) (holding that a challenged jury instruction must be more than just "undesirable, erroneous, or even 'universally condemned'," it must "violate[] some right . . . guaranteed to defendant by the Fourteenth Amendment."); see also U.S. ex rel. Smith v. Montanye, 505 F.2d 1355, 1359 (2d Cir. 1974) ("A jury charge in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus absent a showing that the alleged errors were so serious as to deprive defendant of a federal constitutional right.") (citations omitted).

    c. Habeas review of prosecutorial misconduct

To warrant federal habeas relief, a prosecutor's comments must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 209, 219 (1982)). It "is not enough that the prosecutors' remarks were undesirable or even universally condemned." Id. (quotation omitted). The due process inquiry relates to "the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982).

IV. DISCUSSION

Based on its review of the parties' submissions and the trial record, the Court concludes that: (1) the trial court's supplemental instruction regarding justification did not deprive petitioner of a fair trial or violate his constitutional rights; and (2) the prosecutor's summation comments, though perhaps improper, did not rise to the level of a constitutional violation.

a. The supplemental instruction

The Court's role is not to rule on the correctness of the supplemental instruction per se, which is a matter of state law. See, e.g., Estelle, 502 U.S. at 71. Instead, the Court must determine whether the supplemental instruction deprived the petitioner of a fair trial or otherwise violated his constitutional rights. The Court concludes that it did not. Petitioner was charged with criminal possession of a weapon in the third degree, which prohibits possession of a weapon "with intent to use the same unlawfully against another." See N.Y. Penal Law §§ 265.01(2), 265.02(1). Accordingly, the precise nature of petitioner's intent in owning the knife was critically important to the case.

During trial, petitioner argued that he only intended to use the knife in self-defense, and the government alleged that he intended to use it unlawfully. During the jury charge, the trial court correctly instructed the jury that, in order to convict, it must find petitioner "possessed a dangerous knife with the intent to use it against another unlawfully <u>and not solely with the intent to use it justifiably</u>." (Tr. 2 at 346 (emphasis added).) When the jury later requested a "definition of unlawful," the trial court was well within its discretion to respond not only by rereading the offense and attendant definitions (Tr. 2 at 368-71), but also by providing a supplemental instruction regarding "justifiable" use.[2] (Tr. 2 at 371-73.) The trial court's intent in providing the supplemental instruction was to "clear up the

---

[2] The trial court's decision was particularly reasonable in light of the fact that the jury had already been read a definition of the offense and associated terms but was still confused (as indicated by their submission of a note).

8

interplay between unlawful, what is unlawful and what is justified." (Tr. 2 at 368.) Given the crime charged and petitioner's reliance on self-defense, the trial court's reasoning was sound. See Echevarria, 136 A.D.3d at 589 (holding that the instruction "was applicable to the issue of whether defendant's intent was lawful.").

Petitioner's primary argument—that the supplemental instruction improperly injected an "objective" component into the jury deliberations—is without merit. (Def.'s Appellate Br. at 32.) The jury was tasked with determining petitioner's intent in owning the knife. Whether petitioner's use of the knife on May 8, 2013 was "justified" or not is relevant to that inquiry. Petitioner was certainly entitled to argue that he subjectively intended to use the knife in self-defense even if his actual use of the knife was unlawful. But clearly, "the jury chose not to believe [him]." (Sentencing Tr. at 8.)

Further, a challenged instruction must not be "judged in artificial isolation, but must be viewed in the context of the overall charge." Cupp, 414 U.S. at 146-47 (citing Boyd v. United States, 271 U.S. 104, 107 (1926)). The relevant inquiry is whether the challenged instruction "so infected the entire trial that the resulting conviction violates due process." Id. at 147. Even if the supplemental instruction was improper (this Court holds it was not), it clearly does not meet that high standard. It is undisputed that the trial court correctly instructed the jury as to the offense charged and the attendant definitions therein. Any confusion which might have been occasioned by the supplemental instruction was not so significant as to constitute a constitutional violation.

9

b. The prosecutor's comments

First, this Court lacks jurisdiction to review the Appellate Division's holding that petitioner failed to preserve his challenges to a majority of the prosecutor's comments. Echevarria, 136 A.D.3d at 590 ("By failing to object, by making generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve any other challenges to the prosecutor's summation, and we decline to review them in the interest of justice."). The contemporaneous objection rule is "firmly established and regularly followed" in New York state courts, Downs v. Lape, 657 F.3d 97, 102 (2d Cir. 2011), and therefore the Appellate Division's judgment is adequate and independent to bar federal habeas review.[3] See Coleman, 501 U.S. at 729 (citation omitted).

Second, the Court concludes that the prosecutor's reference to a prospective juror's comment did not deprive petitioner of a fair trial or violate his constitutional rights. Petitioner faces the heavy burden of demonstrating that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden, 477 U.S. at 181 (quotation omitted). Although the prosecutor's "crude attempt at a joke" may have been improper, the Court finds no reason to disagree with the Appellate Division's conclusion that the comment, which was stricken by the trial court, "was unlikely to have been taken literally by the jury or to have caused any prejudice." Echevarria, 136 A.D.3d at 590

---

[3] Alternatively, the Court concludes that the unpreserved comments, much like the prosecutor's attempt at a joke discussed infra, did not deprive petitioner of a fair trial or violate his constitutional rights under the standard set out in Darden.

10

V.    CONCLUSION

The Court concludes that: (1) the supplemental jury instruction did not violate petitioner's constitutional rights; and (2) the prosecutor's comments in summation, though perhaps improper, did not violate petitioner's constitutional rights.  Accordingly, Echevarria's petition for writ of habeas corpus is DENIED.

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:    New York, New York
          September 19, 2017

_____
KATHERINE B. FORREST
United States District Judge

cc:

Fabian Echevarria
14-A-2916
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024